## Lewis v. Lewis' Adm'r et al.

(Decided Dec. 15, 1933.)

HIRAM H. OWENS for appellant.

G. M. MANNING for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

S. L. Lewis died a resident of Knox county on November 23, 1931, and in December, 1931, George F.

Tinsley was duly appointed the administrator of the estate. He brought this action in equity on February 8, 1932, certain of the children and heirs at law of the intestate uniting with him as plaintiffs in the petition against Martha Lewis, the widow, and certain of the other heirs. He alleged in the petition that the deceased at the time of his death owned certain personal property named therein, including a Chrysler coupe, value $600; that the fair market value of the personal property belonging to the estate was more than $6,000; that Martha Lewis as widow was setting up claim to practically all of said personal property and refusing to turn same over to the administrator, and so he was unable to take possession and dispose of the personal property; that all of the personal property belonged to the estate of Lewis and that Martha Lewis should be required to turn it over to him. He prayed judgment to this effect and that she be required to answer and set up whatever claim she had so that the administrator could proceed with the sale and distribution of the personal property. He further prayed cost and all proper relief. The petition is first copied in the transcript before us. The next thing copied in the transcript is the judgment of the court, entered on March 29, 1932, which recites that the cause came on for trial by the court, and after hearing the testimony the court adjudged Martha Lewis certain property and adjudged all of the rest of the property, including the Chrysler coupe, to the administrator, to all of which Martha Lewis excepted and prayed an appeal to this court. The next thing copied in the transcript is the order of April 16, 1932, which recites that Martha Lewis filed in open court a motion for a new trial and to reopen the question of the ownership of the Chrysler coupe. The court overruled the motion; she prayed an appeal to this court which was granted; and she was given until the 20th day of next term to file bill of exceptions. The next thing copied is her grounds for a new trial, sworn to by her, setting out new evidence, which she had discovered since the trial. The next thing copied in the record is the order of July 14, 1932, filing the bill of exceptions tendered by her. The next thing copied is the bill of exceptions, which, after stating that one of the things in controversy is a new Chrysler coupe, adds these words: All the evidence as to the ownership of

the said automobile is, in substance, as follows: Then follows the statement that certain witnesses testified on the trial, as set out therein. Then follow these words: "Affidavits of Mrs. Harry Nevels, Ed. Hampton, and Tom Harris, made a part hereof without being extended." These affidavits are certified as sworn to on July 12 and August 11 and 12, 1932.

Upon a careful examination of the record, the court concludes that the bill of exceptions is a bill of the evidence heard on the motion for a new trial, and not of the evidence on the trial of the case. A new trial was asked on the ground of newly discovered testimony, and this evidence is set out in the bill of exceptions. In the grounds for a new trial it is set out that Mrs. Lewis was not allowed to testify on the trial as to the ownership of the car, and her evidence is set out in the bill. In the judgment of the court it is recited that numerous witnesses testified on the trial for the plaintiff and for the defendant, but in the bill filed only the testimony of the witness for the defendant is given. The court therefore concludes that the record only contains the evidence heard on the motion for a new trial. In the absence of the evidence heard on the trial, the judgment cannot be disturbed. A new trial cannot be granted for newly discovered evidence where diligence was not exercised to discover and produce it. There is an utter want of evidence of such diligence here, and the judgment cannot be disturbed.

Judgment affirmed.